NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WANDA J. ODEN MEYERS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TROY E. MEINK, Secretary of the Air Force, <br><br> Defendant - Appellee. | No. 24-4974 <br><br> D.C. No. 2:21-cv-08546-MRA-MAR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted April 22, 2026[**]

Before:      LEE, DESAI, and JOHNSTONE, Circuit Judges.

Wanda J. Oden Meyers appeals pro se from the district court's summary

judgment in her employment discrimination action alleging violations of Title VII,

the Rehabilitation Act of 1973, and the Genetic Information Nondiscrimination

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm.

The district court properly granted summary judgment on Oden Meyers's disparate treatment and retaliation claims because Oden Meyers failed to raise a genuine dispute of material fact as to whether defendants' legitimate, non-discriminatory and non-retaliatory reasons for reassigning duties to her, placing her on a performance improvement plan, and recommending termination were pretextual. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094-95 (9th Cir. 2005) (explaining that after the employer shows a legitimate, non-discriminatory reason for an adverse employment action, the burden shifts to the plaintiff to show that the reason was pretextual, and that when the plaintiff relies on circumstantial evidence to show pretext, the evidence must be "specific and substantial to defeat the employer's motion for summary judgment" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Oden Meyer's hostile work environment claims because Oden Meyers failed to raise a triable dispute as to whether she was subjected to severe or pervasive verbal or physical conduct on the basis of race or disability that was sufficient to create an abusive working environment. *See Mattioda v. Nelson*, 98 F.4th 1164, 1174-76 (9th Cir. 2024) (setting forth requirements of hostile work environment claim under the

Rehabilitation Act); *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686-87 (9th Cir. 2017) (setting forth requirements of hostile work environment claim under Title VII).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**